IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARLON D. MILES                                                                                       PLAINTIFF
ADC #99753

V.                                              NO: 5:07CV00081 JLH/HDY

SAMUEL BAKER *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

An evidentiary hearing was held in this case on May 5, 2008. Following the presentation of testimony and exhibits by the parties and witnesses, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### **I. Facts**

Plaintiff appeared in person, and testified, as did Defendants Samuel Baker, a former lieutenant at the Arkansas Department of Correction's ("ADC") Varner Unit, and Angela Lewis, a Varner Unit CO-II. Also appearing and testifying were former Varner Unit assistant warden Kim Luckett, Varner Unit CO-I Robyn Evans, Varner Unit nurse Genia Snyder, and inmate Joshua Blaser.

On December 10, 2006, Lewis was beginning her shift at about 7 a.m., and was walking through the unit, directing inmates to remove "stoppers" keeping their doors' food slots open, and to uncover any lights that were covered. In the process, Lewis was waking a number of the inmates. When Lewis approached Plaintiff's cell, he told her that she must want a "golden shower," a reference to being dashed with urine, because she was waking the inmates. Lewis, who has been

dashed with urine a number of times, took Plaintiff's remarks as a threat, and, pursuant to policy, did not approach his cell again. Lewis reported the comments to a supervisor, and also told Evans, who later fed Plaintiff.

About 10:15 a.m., Baker came to Plaintiff's cell, and said that he wanted to talk to him about the threat. Baker also planned to search Plaintiff's cell for any container that could hold urine or feces. Baker directed Plaintiff to submit to restraints, which he did. Baker was in Plaintiff's cell for about three minutes, and, at some point, the encounter became physical, and Baker struck Plaintiff in the face with his fist or elbow. This resulted in swelling to Plaintiff's face, including a baseball sized haematoma on his left cheek. Although Lewis was serving lunch to other inmates in the unit at the time of the incident, she did not see or hear any physical struggle, but she did walk by the cell once while Baker and Plaintiff were talking. About 12:50 p.m., Plaintiff told Lewis that he needed medical care, and Lewis reported the information to her supervisor, and to the infirmary.

Between 3:30 p.m. and 4 p.m., Lewis was with Snyder, as she was dispensing medication. Snyder observed Plaintiff's injuries, and directed him to keep a cool towel on the swelling. Snyder, a registered nurse, was unable to provide any further evaluation or treatment at the time, because Plaintiff refused to cooperate with security. Lewis had no further contact with Plaintiff during the relevant time period. The next day, Plaintiff was taken to Luckett's office, where he described the incident, and was asked to write a statement. Also on December 11, 2006, Plaintiff submitted a health services request form. Plaintiff was seen in the infirmary on December 12, 2006. On March 6, 2007, after an internal investigation, Baker was terminated as a result of the incident.

## II. Analysis

Plaintiff alleges that Baker used excessive force against him, and that Lewis failed to protect him from Baker's assault. Plaintiff further alleges that Lewis denied him appropriate medical

treatment after the incident. The Court will consider Plaintiff's claims against each Defendant separately.

*A. Defendant Baker*

Plaintiff's only claim against Baker is that he used excessive force. To establish a claim for the excessive use of force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986). At the hearing, Baker was a believable witness, but the evidence of Plaintiff being injured is clear and the unsubstantiated assertion that Plaintiff simply inflicted his own injuries, was not persuasive in this case. Baker placed himself in the position of being the less credible witness when he violated ADC rules and entered the cell without another officer. There is no evidence that Plaintiff was resisting orders from prison officials, or being disruptive, at the time force was used against him. Indeed, Plaintiff was restrained at the time of the incident, and there is no evidence suggesting that any force was necessary at all. In considering Plaintiff's injuries, the Court notes his description in a letter to Mr. Ray Hobbs that he was "not seriously injured, just bruised and terrified." *See* Defendant Lewis's exhibit #3. Although Plaintiff's injuries could certainly have been worse, they were significant enough that Snyder testified that an x-ray on the day in question would likely have been of little value due to the swelling. The facts support a finding that Plaintiff's injuries can be compensated by a damage award of $1,000. Thus, the force used by Baker was excessive, and Plaintiff is entitled to judgment in his favor, against Defendant Baker, in the amount of $1,000.00, for the injuries he sustained.

*B. Defendant Lewis*

Liberally construing Plaintiff's allegations, he has alleged that Lewis failed to protect him from Baker, and that she denied him adequate medical care after the incident.

In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).

Applying the legal standards to this case, the undersigned concludes that there is no credible evidence to indicate that Lewis knew of a substantial risk that Baker would use excessive force against Plaintiff. Lewis did not report Plaintiff's threat to Baker. Rather, Lewis responded in an appropriate manner to what she believed was a threat by notifying the Varner Super Max control center, and thereafter stayed away from Plaintiff's cell for the remainder of the morning. There was no evidence introduced from which it could be concluded that Lewis was aware of any threat of harm Baker presented to Plaintiff. Accordingly, Lewis cannot be held liable for failing to prevent Baker's actions.

Plaintiff also asserts that Lewis denied him appropriate medical care.  The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

After the incident, Lewis had, at most, two encounters that would make her aware of Plaintiff's medical needs.  The first was at 12:50 p.m., when Plaintiff apparently told her that he needed medical treatment.  At that time, Lewis notified her supervisor, and the infirmary.  The second time was at about 3:30 p.m., when Lewis was escorting Snyder as she was distributing medications.  At the second encounter, Plaintiff talked to the nurse (Snyder) directly, but the evaluation and treatment Snyder could provide was limited, due to Plaintiff's refusal to submit to restraints and allow the area to be secured.  Lewis had no further contact with Plaintiff during the time period at issue.

An analysis of Lewis's conduct following the incident compels the conclusion that she was not deliberately indifferent to an objectively serious medical need.  Although Plaintiff was injured, as soon as Lewis was aware of the situation, she reported it to her supervisor, and to the infirmary. When Lewis was escorting the medication nurse later in the day, she took no action to prevent Plaintiff from being treated.  Snyder testified that Lewis did nothing to prevent medical treatment, and, had Lewis taken any such action, Snyder would have called her supervisor.  Thus, it is clear that Lewis was not deliberately indifferent to Plaintiff's medical needs.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff be awarded $1,000.00 on his claim of excessive force against Defendant Samuel Baker only, and Plaintiff be awarded judgment against Baker in the amount of $1,000.00.

2.	Plaintiff's claims against Defendant Angela Lewis be DISMISSED WITH PREJUDICE.

DATED this ___13___ day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE